UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DAVID WELCH; STACY WELCH; and JACK WELCH,<br><br>        Plaintiffs,<br><br>v.<br><br>NARCONON FRESH START d/b/a RAINBOW CANYON RETREAT; and DOES 1-100, ROE Corporations I-X, inclusive,<br><br>        Defendants. | CASE NO. 4:15-cv1221 |

## MOTION TO COMPEL THE DEPOSITION OF ROBERT EARLE, PH.D.

COMES NOW, Narconon Fresh Start dba Rainbow Canyon Retreat, ("Narconon"), by and through its counsel of record, and pursuant to Federal Rule of Civil Procedure 45, and moves the Court to compel the deponent, Robert Earle, Ph.D, a non-party in this case, to appear and provide deposition testimony and documents as more fully set forth in the subpoena issued by Narconon in the underlying action pending in the United States District Court for the District of Nevada, in the case styled *David Welch v. Narconon Fresh Start D/B/A Rainbow Canyon Retreat*, Civil Action No. 2:14-cv-00167-JCM-CWJ (the "Underlying Action"). In support thereof, Narconon shows the Court as follows:

### I.

In the Underlying Action, Plaintiffs allege that Narconon, a drug and alcohol rehabilitation program in Caliente, Nevada, failed to provide drug and alcohol treatment to plaintiff Jack Welch. Apparently unsatisfied with former student Mr. Welch's continued use of illegal substances after he left Narconon in November of 2013, he and his parents brought suit against Narconon for breach of contract, fraud, negligence, and intentional infliction of emotional distress, among other causes of action. Plaintiffs allege that as a result of Mr. Welch's participation in the Narconon program, he suffers from anxiety, paranoia, tremors and memory problems.

II.

Plaintiff Mr. Welch began treating with Dr. Earle, a Houston based psychiatrist, on March 30, 2010. According to Mr. Welch, he currently sees Dr. Earle on a monthly basis. *See* medical records produced via subpoena attached hereto as Ex. A; deposition transcript of Jack Welch at 113:3-6 attached hereto as Ex. B. Mr. Welch's medical records indicate that Dr. Earle evaluated Mr. Welch as having decreased concentration and anxiety as early as March 30, 2010, prior to his treatment at Narconon. Ex. A at EARLE 19-20. Accordingly, Dr. Earle's medical treatment of Mr. Welch and the records of that treatment place the onset and cause of Mr. Welch's claimed memory problems and anxiety squarely at issue. Furthermore, on May 10, 2010, Dr. Earle prescribed Mr. Welch Trileptal, a medication Mr. Welch testified he takes for manic depression. Ex. A at EARLE 17; Ex. B at 113:7-11. Trileptal is an anticonvulsant or antiepileptic, and can be prescribed to treat seizures. *See* www.drugs.com/trileptal (last visited April 22, 2015). A common side effect of Trileptal is memory problems and increased or more severe seizures. *Id.* Thus, the very drug that Dr. Earle prescribed Mr. Welch in early 2010, before Mr. Welch attended Narconon, could have been prescribed to Mr. Welch for the ailments he claims Narconon caused, or could cause those same ailments. Moreover, the deponent, Dr. Earle, treated Mr. Welch on a fairly consistent basis for the past five (5) years. *See* Ex. A. As such, he is knowledgeable about Mr. Welch's overall mental health, emotional stability, pre- Narconon medical diagnoses, post-Narconon medical diagnoses, work ethic, educational goals, educational aspirations, life ambitions, credibility, etc. He is the only medical provider who is able to offer first hand insight with regard to Mr. Welch's health and overall wellbeing pre-Narconon versus post-Narconon. Dr. Earle's testimony is therefore highly pertinent to the allegations in this matter.

III.

On January 20, 2015, Dr. Earle was served with a subpoena for deposition scheduled for February 17, 2015, at 11:00 a.m. at his office in Houston, Texas. Ex. C, Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action; Ex. D, Affidavit of Service Subpoena. Despite being properly served by subpoena, being offered compensation for his deposition at his

customary hourly rate, being offered alternative dates/times on numerous occasions for his deposition to proceed in order to accommodate his schedule, being informed the instant Motion would be filed and sanctions sought, and counsel traveling out of state to personally appear for the deposition, Dr. Earle adamantly refused to appear for his deposition. Ex. E, Affidavit of Alayne M. Opie, Esq. Despite his refusal to appear, Dr. Earl has never served written objections to the Subpoena or moved to quash the Subpoena. The parties and Dr. Earle are unable to resolve the outstanding issues; Defendant Narconon therefore files the subject Motion.

### IV.

Federal Rule of Civil Procedure 37 states that a motion for an order to a nonparty must be made in the court where the discovery is or will be taken. Fed. R. Civ. P. 37 (a)(2). A motion for an order to compel a nonparty to appear for deposition should be filed in the court in the district where the deposition is to be taken. *American Motorists Inc. Co. v. General Host Corp.*, 120 F.R.D. 129 (Kan. 1988); *Gerrits v. Brannen Banks of Fl., Inc.*, 138 F.R.D. 574, 576 (Col. 1991).

### V.

Federal Rule of Civil Procedure 26(b)(1) governs the limits and scope of discovery. In pertinent part, Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Rule 26 defines relevant information as any information that "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Rule 26 is liberally construed. *Seattle Times Co. v. Rhinehart*, 467 US 20, 34 (1984). When a person resists discovery, the requesting party may file a motion to compel under Rule 37. The person resisting discovery carries the heavy burden of showing why discovery should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). The person must show that the discovery request is overly broad, unduly burdensome, or irrelevant. *Graham v. Casey's General Stores*, 206 F.R.D. 251, 253-254 (S.D. Ind. 2000). To meet this burden, the objecting person must allege specific facts, which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence or sufficient detail regarding the time, money and procedures required to comply with the purported improper request. *Jackson v. Montgomery Ward &*

*Co., Inc.*, 173 F.R.D. 524 (D. Nev. 1997).

## VI.

Federal Rule of Civil Procedure 45 provides federal courts with robust subpoena powers. A subpoena "may be served at any place within the United States." Fed. R. Civ. P. 45(b)(2). Additionally, under certain circumstances, a subpoena may be served in any foreign country on any "national or resident of the United States who is in a foreign country." Fed. R. Civ. P. 45 (b)(3) (incorporating 28 U.S.C. § 1783). In general, this means that the only people who cannot be served under Rule 45 are foreign nationals residing in a foreign country. *United States v. Sindona*, 636 F.2d 792, 803 (2d Cir. 1980), cert denied 451 US 912 (1981); *Relational, LLC v. Hodges*, 627 F.3d 668, 673 (7th Cir. 2010); *United States v. Drogoul*, 1 F.3d 1546, 1553 (11th Cir. 1993).

## VII.

On January 20, 2015, Fresh Start properly served a Subpoena setting Dr. Earle's deposition for February 17, 2015, at 11:00 a.m. at his office in Houston, Texas. Ex. D; Ex. E. Sufficient notice was provided to Dr. Earle as twenty-eight (28) days lapsed between the date he was served with the Subpoena and the date of his deposition. Additionally, Defendant Fresh Start's counsel's office reached out to Dr. Earle's office on multiple occasions before traveling to Houston, Texas to discuss rescheduling the deposition to a more convenient date and time, but Dr. Earle refused to cooperate. Ex. E. The location where the deposition commenced was consistent with the federal rules of civil procedure as it was held at Dr. Earle's business office, which is within 100 miles of where he is employed. *See* Fed. R. Civ. P. 45(c)(1). Prior to the deposition, Dr. Earle did not object to the validity of the notice and thus waived any objection under same. Nor did Dr. Earle seek a protective order to cancel, limit, or restrict the deposition. Dr. Earle simply took the law into his own hands and refused to attend his deposition. Ex. E.

## VIII.

As a result of Dr. Earle's refusal to attend his deposition, Narconon was compelled to incur certain costs and expenses. These costs and expenses are detailed in the Affidavit of Alayne Opie,

Esq. attached as Exhibit E. This failure to comply was without substantial justification. Accordingly, pursuant to Federal Rule of Civil Procedure 37(a)(4), Narconon is entitled to an award of costs and expenses in the amount of $7,237.17 incurred to compel deponent's compliance.

### X.

The deponent failed to appear at the oral deposition on February 17, 2015. As established by the accompanying affidavit, exhibits, and points and authorities, the deposition of Dr. Earle is relevant, does not require disclosure of information subject to a privilege, Dr. Earle was properly served, and he did not properly object. Defendant moves this court for an order compelling Dr. Earle to appear for deposition and to produce the requested documentation. Defendant further moves the court for an order under Federal Rule of Civil Procedure 37(a)(3) imposing monetary sanctions against Dr. Earle in the sum of $7,237.17 to be paid to the moving party as reasonable costs and expenses, including attorney's fees, incurred because of deponent's refusal to appear for his deposition.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By: /s/ *Joshua K. Davis*
**JOSHUA K. DAVIS**
**Texas Bar No. 24031993**
**SARAH R. SMITH**
**Texas Bar No. 24056346**
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
(713) 659-6767 – Telephone
Josh.Davis@lewisbrisbois.com
Sarah.Smith@lewisbrisbois.com

and

**S. Brent Vogel**
**Nevada Bar No. 6858**
**Alayne M. Opie**
**Nevada Bar No. 12623**
6385 South Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
*Counsel for Narconon Fresh Start dba Rainbow Canyon Retreat*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Motion has been served upon all known counsel of record via personal service, email and/or US First Class Mail to the following parties on this the 7th day of May, 2015:

Ryan A. Hamilton
HAMILTON LAW
5125 S. Durango Dr., Ste. C
Las Vegas, NV 89113

Artemus Ham
EGLET LAW GROUP
400 S. 7th Street, 4th Floor
Las Vegas, Nevada 89101

Bob Baker
Baker, Keener & Nahra, LLP
Nevada Bar No. 49255
633 West 5th Street, Suite 5500
Los Angeles, California 90071

Robert McBride
CARROLL, KELLY, TROTTER, FRANZEN, MCKENNA & PEABODY
701 North Green Valley Pkwy, Suite 200
Henderson, Nevada 89074

William Forman
SHEPER KIM HARRIS LLP
601 West Fifth Street, 12th Floor
Los Angeles, CA 90071

Dr. Robert Earle
Bay Area Psychiatry
1002 Gemini, Suite 205
Houston, Texas 77058